Judgment reversed and a <em>procedendo</em> awarded.

# Daubert et ux. <em>versus</em> Eckert.

1. A married woman having the power to mortgage her lands to secure the future indebtedness of her husband may give the money raised by the mortgage directly to him.

2. The mortgagee has nothing to do with the application of the purchase-money.   All that is necessary is that the husband and wife should join in the execution of the mortgage, and that she should be separately examined and acknowledge the instrument in the manner prescribed by law.

March 4th 1880.   Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   MERCUR and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Lehigh county;* Of January Term 1880, No. 237.

Scire facias sur mortgage by Charles Eckert, administrator *de bonis non* of John Eckert, deceased, against David Daubert and Herriena Daubert, his wife.

The following affidavit of defence was filed:

That this defendant, Herriena Daubert, is the wife of David Daubert, the other defendant, and was a married woman at the

time of executing said mortgage, dated August 1st 1873, recorded in the recorder's office at Allentown, on which said suit is brought, that said money named in said mortgage was loaned to her by John Eckert for the improvement of her separate estate, that said money was paid to her husband, who used it for the improvement of his estate, and no part of said money went for the necessary improvement of her separate estate, nor for purchase-money of her separate real estate, nor was it used for necessaries in her family, all of which she expects to prove on the day of the trial of this cause.

A rule for judgment for want of a sufficient affidavit of defence was made absolute by the court, Albright, P. J., delivering the following opinion :

" It is not alleged that the mortgage upon which suit is brought was not executed and acknowledged in the manner and form requisite to bind the wife's separate real estate.

" It is averred in the affidavit of defence that the money for which the mortgage was given was loaned by the mortgagee to the wife for the improvement of her separate real estate ; that the money was paid to the husband, who used it for the improvement of his estate.

" It is not stated that the payment of the money to the husband was without the consent of the wife, or that she did not agree that her estate should be encumbered for the debt of her husband. The substance of what is alleged seems to be that the original intention or negotiation was for a loan to improve her estate, but when the transaction came to be consummated she permitted her husband to receive the money for which the mortgage was given. It is not said that any fraud was practised on the wife in the execution or delivery of the mortgage.

" A husband and wife may execute a valid mortgage of her separate real estate to secure the husband's debt. The power to do this existed before the passage of the Act of 1848, and this was not changed by said act : Jamison *v.* Jamison, 3 Whart. 457 ; Black *v.* Galway, 12 Harris 19 ; Miner *v.* Graham, Id. 491 ; Lytle's Appeal, 12 Casey 131 ; Haffey *v.* Carey, 23 P. F. Smith 431. This is what was done in the case before us. The affidavit discloses no facts constituting a defence to the mortgage."

The defendants took this writ, and alleged that the court erred in entering judgment for the plaintiff.

*James B. Deshler* and *John Rupp*, for plaintiffs in error.—The court below decided this case upon the theory that the mortgage was given to secure the debt of the husband. If such were the facts of the case there would be no trouble in the case and the mortgage would undoubtedly be valid and binding upon the wife. But such are not the facts. The affidavit of defence alleges clearly

[Daubert v. Eckert.]

and explicitly that the husband was not the borrower, but that the contract of loan was made with the wife, that she became the borrower, that the loan was made to her and not to the husband, that the loan was made to her for the improvement of her separate estate, but the money came into the hands and possession of her husband and was never applied to the improvement of her separate estate, but was used by him for other purposes. Hence the mortgage could not have been given to secure the debt of the husband but simply as a security for the wife's contract, and this mortgage in question cannot be held valid upon the theory on which the court below decided the case, namely, that a married woman can give a valid mortgage for the debts of her husband. A mortgage given by a married woman for money borrowed for the improvement of her separate estate is void unless it be shown that the money was actually used for that purpose; Heugh v. Jones, 8 Casey 432; Lippincott v. Leeds, 27 P. F. Smith 420; Wolbach v. Lehigh Building Association, 3 Norris 211.

*R. E. Wright & Son*, for defendant in error.—The Act of 1770, which gives to married women the power to convey real estate imposes no restraint as to the consideration or purpose of the conveyance. If the mortgage is properly executed and all the forms are duly observed, it is valid: Jamison v. Jamison, 3 Whart. 451; Journeay v. Gibson, 6 P. F. Smith 59. The affidavit simply averred that the mortgage was to secure the repayment of money loaned to the husband. It was not pretended that it was without the knowledge or consent of the wife. The wife could lawfully mortgage her real estate to secure a debt thus contracted by the husband.

The judgment of the Supreme court was entered, March 22d 1880,

PER CURIAM.—If, as was settled in Haffey v. Carey, 23 P. F. Smith 431, a married woman can mortgage her land to secure the future indebtedness of her husband, it is not easy to understand why she may not give the money raised by the mortgage immediately to him. The mortgagee has nothing to do with the application of the mortgage money. All that is necessary is that the husband and wife should join in the execution, and that she should be separately examined and acknowledge the instrument in the manner prescribed by law.

Judgment affirmed.